# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE:  AIR CRASH NEAR ISLAMABAD,**
**PAKISTAN, ON JULY 28, 2010**

Roderick Harp v. Airblue, Ltd., N.D. Alabama, C.A. No. 2:10-02953    )

Roderick Harp, et al. v. Airblue Ltd., et al., C.D. California,    )    MDL No. 2225

    C.A. No. 8:10-01780

## ORDER DENYING TRANSFER

**Before the Panel:**  Airblue Ltd. (Airblue), Airbus, S.A.S., Honeywell International Inc., GE Aviation Systems, LLC, International Lease Finance Corporation, Zapways.com, Inc. and Tariq M. Chaudhary move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the Central District of California.  The defendants' motion encompasses two actions pending, respectively, in the Northern District of Alabama and the Central District of California.[1]  Both actions concern the cause or causes of the crash of Airblue Flight ED-202 near Islamabad, Pakistan on July 28, 2010.  All movants had been named as defendants; however, plaintiffs are only pursuing claims against Airblue and Zapways.com now.  No plaintiff responded to the motion.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization under Section 1407 is necessary.  This docket encompasses only two actions, with five named plaintiffs and two active defendants.  The two actions contain a common plaintiff, and counsel representing plaintiffs in both actions overlap to some extent.  Indeed, if plaintiff in the Northern District of Alabama action had not filed his claims in both districts, the multidistrict character of this litigation would not exist.  The moving parties have not made a strong case for centralization in these circumstances.  The mere absence of opposition to the motion is not reason enough for us to grant it.

Instead, counsel in both actions can avail themselves of alternatives to transfer under Section 1407.  *See, e.g.,In re Helicopter Crash Near Zachary, La., on Dec. 9, 2004*, 484 F. Supp. 2d 1354 (J.P.M.L. 2007) (citing *In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978)); *see also Manual for Complex Litigation, Fourth* § 20.14 (2004).  The parties can seek transfer under 28 U.S.C. § 1404(a), or seek to stay or dismiss the duplicative claims pending in the Northern District of Alabama.  Even without these alternatives, given the limited number

---

[1]  The motion encompassed a third action that had been pending in the Northern District of Illinois before it was voluntarily dismissed by the plaintiffs.

- 2 -

of districts and parties involved in this litigation, cooperation among the counsel can minimize whatever possibilities there are of duplicative discovery and inconsistent pretrial rulings.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |